IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

ABDULLA AHMED, et al.                                   PLAINTIFFS

V.                         CIVIL ACTION NO. 5:21-CV-58-DCB-RHWR

CITY OF NATCHEZ, MS et al.                         DEFENDANTS

ORDER

THIS MATTER is before the Court on Defendants Travis Patten, Shane Daughtery, Ivori Jones, Keith Myles, and Stanley Searcy, Jr.'s ("County Defendants") Motion for Judgment on the Pleadings ("Motion") [ECF No. 10]. The Court having examined the Motion, the parties' submissions, the record, the applicable legal authority, and being informed in the premises, finds as follows:

I.    Factual & Procedural Background

Plaintiffs filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 on June 28, 2021 alleging that officers and employees of Adams County, Mississippi ("the County"), and the City of Natchez, Mississippi violated their civil rights as guaranteed by the Constitution of the United States. [ECF No. 1]. This suit stems from a search and seizure that Plaintiffs contend violated their constitutional rights. Id. at 9-14.

On September 23, 2021, County Defendants filed the instant Motion, in which they request that the Court: (1) either substitute

1

the County Defendants for the County itself or dismiss duplicative members of the County Defendants and (2) stay the case pending the outcome of state criminal proceedings involving the facts of this case. [ECF No. 10] at 3-5.

On November 3, 2021, the Court stayed this case pending the outcome of state criminal proceedings against two of the plaintiffs. [ECF No. 18]. On June 16, 2023, the Court lifted that stay when those proceedings concluded without an indictment against the two plaintiffs in question. [ECF No. 28].

II. Legal Standard

A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) when "'the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" Keys v. Safeway Ins. Co., 556 F. Supp. 2d 586, 588 (S.D. Miss. 2008) (quoting Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990)). Judgment on the pleadings is appropriate if there are no questions of material fact and only purely legal questions remain. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002).

In this respect, the standard for deciding a motion for judgment on the pleadings under Rule 12(c) is the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Guidry v.

2

Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007). To avoid dismissal, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

   III. Analysis

   County Defendants are all officers or employees of the Adams County Sheriff's Department. [ECF No. 1] at 3–4. Defendant Patten is the Sheriff of the County and Defendants Daughery, Jones, Myles, and Searcy, Jr. are all deputy sheriffs in that same county. Id. County Defendants filed this Motion requesting that the County be substituted as a defendant, and that they should be dismissed from this matter with prejudice. [ECF No. 10] at 5. In the alternative, County Defendants request that the Court dismiss all of the aforementioned County Defendants except for Sheriff Patten so as to avoid duplicative defendants. [ECF No. 17] at 3.

   County Defendants seek substitution and dismissal from this matter because Plaintiffs filed suit against them in their official capacities. County Defendants submit that, because of this, Plaintiff has essentially filed suit against the County, and they are therefore duplicative when named in their official capacities.

3

[ECF No. 11] at 4. In response, Plaintiffs contend that they are not required to name the County as a defendant, and because the County is not named as a defendant, there is no duplication. [ECF No. 16] at 4. In their Reply, County Defendants concede that while there is no authority requiring Plaintiffs to name the County in this matter, because all County Defendants are employees of the County, only one of them is needed to sustain a claim against the County, and the rest of them are therefore duplicative. [ECF No. 17] at 2.

A lawsuit against an officer in their official capacity "generally represent[s] another way of pleading an action against [the] entity of which [the] officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Because the suit is not against the official personally, "the real party in interest is the entity". Id. at 166. Thus, "while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official capacity suit must look to the government entity itself." Id. Where, as here, a plaintiff files suit against a sheriff in his official capacity, the suit is treated as a claim against the county itself. Brooks v. George Cty, Miss., 84 F.3d 157, 165 (5th Cir. 1996).

As discussed above, a claim against an officer in his official capacity is simply another way of filing suit against the entity for which the officer works. Graham, 473 U.S. at 165. Because Plaintiffs have filed suit against multiple officers who are employed by the County, Plaintiffs in effect have named the County multiple times. As such, the County Defendants are duplicative. Courts often dismiss duplicative official capacity parties when doing so is timely and appropriate. Hill v. Madison Cnty., No. 3:19-CV-127-DPJ-FKB, 2020 WL 5235667, at *5 (S.D. Miss. Sept. 2, 2020).

Nevertheless, this Motion [ECF No. 10] is premature. The Court has not yet conducted its Case Management Conference. Nor have the parties conducted other basic pretrial maneuvering. Therefore, the Court will deny this Motion at this time. Upon the conclusion of discovery, the Defendant may reurge this Motion.

Finally, the Court's initial stay and its eventual lift on the conclusion of the state criminal proceedings against two of the plaintiffs moots the County Defendants' request for a stay. [ECF No. 18].

IV. Conclusion

For the foregoing reasons, the County Defendants' Motion [ECF No. 10] shall be DENIED without prejudice.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings [ECF No. 10] is DENIED without prejudice.

SO ORDERED, this 29th day of June, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE
